**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **RYAN SCOTT PELLEGRIN** | **CIVIL ACTION** |
| **VERSUS** | **NO. 26-391** |
| **JESSICA JENKINS BREWSTER** | **SECTION "J"(1)** |

## REPORT AND RECOMMENDATION

Plaintiff, Ryan Scott Pellegrin, a Louisiana inmate, filed this *pro se* civil action pursuant to 42 U.S.C. § 1983. Pellegrin sued Jessica Jenkins Brewster, the St. Tammany Parish Clerk of Court.[1] In his Statement of Claim, Pellegrin asserts, without corrections to grammar or spelling, as follows:

> I was convicted and filed for an appeal. A return date was set. The Clerk of Court failed to submit the records to the First Circuit Court of Appeals. Pursuant to L.S.A. C.Cr.P. Art. 9199b), the Clerk of Court failed to follow the law. Failing to follow the law, the Clerk of Court violated the plaintiff's civil rights.[2]

Pellegrin requests "an injunction ordering the Clerk of Court to follow the law, damages and any and all other relief this Court see's fit."[3]

Federal law requires that this matter be screened. For example, with respect to actions, such as this one, which are filed *in forma pauperis*, federal law mandates:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action …
>
> (i)     is frivolous or malicious;
> (ii)    fails to state a claim on which relief may be granted; or
> (iii)   seeks monetary relief against a defendant who is immune from such relief.

---

[1] Rec. Doc. 1.
[2] Id. at 3.
[3] Id. at 4.

28 U.S.C. § 1915(e)(2)(B).

In addition, because Pellegrin is incarcerated, screening is also required by 28 U.S.C. § 1915A. That statute mandates that federal courts "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."[4] 28 U.S.C. § 1915A(a). Regarding such lawsuits, the statute provides:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
>
> (1)     is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2)     seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).

A claim is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994). When making that determination, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994).

A complaint fails to state a claim on which relief may be granted when the plaintiff does not "plead enough facts to state a claim to relief that is plausible on its face. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." In re Katrina Canal Breaches

---

[4] "As used in this section, the term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915A(c).

Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (footnote, citation, and quotation marks omitted).

The United States Supreme Court has held:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations and quotation marks omitted).

Pellegrin filed this action pursuant to 42 U.S.C. § 1983. In pertinent part, that statute provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ....

42 U.S.C. § 1983. Accordingly, "[t]o state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988).

For the following reasons, even when Pellegrin's complaint is liberally construed,[5] his federal civil rights claims are frivolous, fail to state a claim on which relief can be granted, and/or seek monetary relief from a defendant who is immune from such relief.

Pellegrin's claim against Brewester is barred by absolute and/or qualified immunity. See Williams v. Wood, 612 F.2d 982, 984-85 (5th Cir. 1980) (extending qualified immunity to claims

---

[5] The Court must liberally construe a *pro se* civil rights complaint. See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

that clerks of state courts failed to forward certain court documents) (citing Rheuark v. Shaw, 547 F.2d 1257, 1259 (5th Cir. 1977); Qualls v. Shaw, 535 F.2d 318, 319 (5th Cir. 1976)); Adams v. Martin, No. 10-5038585, 2011 WL 5038585, at *3-4 (E.D. La. Oct. 3, 2011) (holding that deputy clerks were entitled to absolute quasi-judicial immunity where plaintiff alleged that one clerk "intentionally" ignored his request to access the record, resulting in the dismissal of his appeal for want of prosecution, and failed to notify him of his impending dismissal as required by the Fifth Circuit rules, and that another clerk refused to send his motion for reinstatement to the judge), adopted, 2011 WL 5038797 (E.D. La. Oct. 24, 2011); Burton v. Mortimer, 221 F.3d 1333, 2000 WL 876517, at *1 (6th Cir. June 22, 2000) (finding the denial of free copies of the file and a delay in forwarding the record to the state court of appeals which results in an erroneous dismissal for lack of jurisdiction are both quasi-judicial functions which entitle the clerk to absolute immunity); Ayers v. Reynolds, 60 F.3d 830, 1995 WL 386435, at *2 (8th Cir. 1995) (finding the court clerk entitled to quasi-judicial immunity for her failure to transmit the certified record, noting that "[f]iling court orders and preparing and transmitting the certified record are functions closely associated with the judicial process"). See also Williams, 612 F.2d at 985 (quoting Waits v. McGowan, 516 F.2d 203, 206 (3d Cir. 1975) (internal quotations omitted) (a clerk " 'may receive immunity in his own right for the performance of a discretionary act or he may be covered by the immunity afforded the judge because he is performing a ministerial function at the direction of the judge.' ")). This rule exists because "court personnel should not serve as a lightening [sic] rod for harassing litigation." In re Foust, 310 F.3d 849, 855 (5th Cir. 2002). Court clerks have absolute immunity from actions for damages arising from actions they are specifically required to perform by court order or discretionary action, and qualified immunity for routine duties not explicitly commanded by court decree or judicial instruction. Id.

Pellegrin bases his claim against Brewster for the alleged failure to submit records to the Louisiana First Circuit Court of Appeal. Whatever role Brewster has in connection with that claim, her conduct would fall within the scope of performing either judicial or routine functions. Therefore, the claim against defendant Clerk of Court Jessica Jenkins Brewster is frivolous, seeks relief against an immune defendant, and otherwise fails to state a claim for which relief can be granted and must be dismissed.

## RECOMMENDATION

**IT IS RECOMMENDED** that Ryan Scott Pellegrin's federal civil rights claim against defendant Jessica Jenkins Brewster be **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. § 636(b)(1); see Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this 9th day of March, 2026.

_Janis Van Meerveld_
**JANIS VAN MEERVELD**
**UNITED STATES MAGISTRATE JUDGE**

5